## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:06CV-P453-H

JAMES CARL HIGGS                                                    PLAINTIFF

v.

TRANSPORTATION SPECIALIST SANFORD *et. al.*                        DEFENDANTS

### <u>MEMORANDUM OPINION</u>

Plaintiff filed this civil rights action under 42 U.S.C. § 1983.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court must dismiss this action without prejudice because it is apparent from the face of the complaint that the action was prematurely commenced by Plaintiff prior to exhaustion of his administrative remedies.

Plaintiff filed this action against various Kentucky and Indiana officials alleging that his civil rights were violated while being transferred from Indiana to Kentucky.  In his complaint, Plaintiff affirmatively alleges that his "grievance is pending," and he is waiting to learn the result from prison officials.

Title 42, Section 1997e(a) of the United States Code provides that:  "No action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "The plain language of the statute makes exhaustion a precondition to filing an action in federal court."  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  "[A] prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."  *Id.*

The United States Supreme Court has just issued its decision in *Jones v. Bock,* 549 U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), in which the Court concluded that "failure to

exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921. While focusing on the pleading standard for 42 U.S.C. § 1997e exhaustion, the *Jones's* court gave guidance to lower federal courts undertaking their 28 U.S.C. § 1915A screening responsibilities. The *Jones's* court explained that a 28 U.S.C. § 1915A(b)(1) dismissal for failure to state a claim would be appropriate where:

> the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c) . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F. 3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F. 3d 548, 551 (1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F. 3d 67, 74-75 (2nd Cir 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Id.* at 920-21.

Thus, while exhaustion need not be pled, if it is absolutely apparent from the face of the complaint that the prisoner has failed to exhaust, then dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. In this case, by his own allegations, Plaintiff admitted that he did not exhaust his administrative remedies prior to bringing suit. Thus, it is clear from the allegations in Plaintiff's complaint that it is subject to dismissal for failure to state a claim, and it is appropriate for the Court to do so on initial review. *See Tanner v. Fed. Bureau of Prisons*, No. 06-0529, 2007 U.S. Dist. LEXIS 13648 (D.D.C. Mar. 1, 2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust

because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Gillilan v. Young*, No. CV 06-126 06-126, 2007 U.S. Dist. LEXIS 9825 (S.D. Ga. Feb. 7, 2007); *Kaufman v. Schneiter*, No. 07-C-45-C, 2007 U.S. Dist. LEXIS 11409 (W.D. Wis. Feb. 15, 2007) (same).

Because dismissal is without prejudice, Plaintiff is free to re-file his complaint after he has completed the exhaustion process.  Plaintiff is reminded that should he choose to do so, he is excused from paying the filing fee so long as the complaint raises the same allegations as contained in this action.  *See Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006) ("Therefore, we hold that when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a).")

Plaintiff has filed a number of motions during the pendency of this action.  Because this action is being dismissed, the Court will deny those motions as moot.

The Court will enter an Order that is consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
        4412.008